## Graves vs. Moore & Burton.

Error to the Lawrence Circuit; SILAS W. ROBBINS, Judge.

*Evidence. Erased credits. Onus probandi.*

Judge OWSLEY delivered the opinion of the court.

THIS writ of error is prosecuted to reverse a judgment recovered by Moore and Burton,

---

*Margin notes:*

CHAPLIN &c. vs. SIMMONS' h's.

Adm'x who unnecessarily sells a slave, shall account for the value of the slave, and also the hire up to the time of the distribution.

Infant children may be charged the amount of the hire of a slave administratrix had unnecessarily sold, and for which she accounts for their maintenance, but no part of the principal shall be sunk.

Infants shall not be charged for maintenance after they are able to maintain themselves.

APPEAL TO THE CIR. C.

Case 70.

June 12.

Question stated.

GROVES
vs.
MOORE &c.

on the trial in the circuit court, of an appeal, which was prayed by them, from a decision of a justice, on a warrant brought by them against Graves.

Credit on the note sued on erased.

The matter in contest relates exclusively to a credit for twenty dollars, which Graves contends was paid by him to Moore, and which he insists was once endorsed upon the note sued on, but afterwards, without his assent, was erased from the note by Moore.

Evidence of payment.

On the trial, which was had in the circuit court without pleadings in writing, after the note was read to the jury, an endorsement thereon, was, also read, in the following words: "Cr. by cash rec'd $20 00 c. July 16, 1823." But the endorsement appeared to have been obliterated by drawing a pen through it, and under it was written in the hand writing of Moore, these words: "he would not have it on his note." A witness by the name of Sellard was introduced, who proved that sometime in 1823, (but the particular time he could not name,) he thinks on a court day, he heard Moore apply to Graves for the loan of a sum of money, perhaps ten or fifteen dollars; that Graves immediately drew from his pocket a roll of paper and gave Moore, he thinks, two bills, the amount of which he knew not, nor could he say what sort of bank paper, not having inspected the notes; and that after having received the bills Moore asked Graves whether he was willing to have the amount of the bills credited on his note, to which Graves replied he had no objection, and thereupon the parties separated.

Instructions of the circuit judge.

After the evidence was all gone through, a motion was made by the counsel of Moore and Burton, to exclude from the jury the testimony of the witness Sellard; but the motion was opposed by the counsel of Graves, and in turn, he moved the court to instruct the jury, that as the credit for twenty dollars appeared to have been once upon the note, though afterwards erased, it devolved upon Moore, the holder of the note, to prove that the erasure was rightfully made.

The court refused the instruction which was ask-

ed by Graves, and excluded the testimony of the witness on the motion of Moore and Burton.

The decision is not approved on either point. The objection to the excluded testimony seems to have been taken on the ground of its irrelevancy to the point in contest, and if it were so, we should have no hesitation in sustaining the decision which went to exclude it. But it requires no effort of the mind to discover, that the testimony was well calculated to prove that the credit which had been entered upon the note, was placed there not only in conformity to payment actually received by Moore, but by the approbation of Graves; and if so, none will doubt the materiality of the testimony to illustrate the contested fact of payment. It is no objection to the testimony that the same facts which it went to establish, might have been inferred from the indorsed credit upon the note, for that credit had afterwards been erased by Moore, under the pretext of its having been applied without the assent and against the will of Graves; and the testimony, whilst it went to fortify the inference deducible from the endorsement itself, also goes to repel the pretext assigned by Moore for erasing the credit. The testimony was not, therefore, irrelevant, and should not have been excluded from the jury.

But, were it even admitted, that the testimony was properly excluded, still we should be of opinion that the instruction which was asked by Graves, should have been given to the jury. The credit which was endorsed upon the note, by Moore, is undoubtedly equivalent to an admission, by him, that so much as was credited had been paid, and there is no principle of evidence which will allow a person, after he has admitted a fact, even if the admission be by parol and not in writing, to do away the force of the admission by an after denial, or withdrawal of it. Though it be afterwards denied, if it were by parol only, or if it be in writing, though it be afterwards erased or obliterated, the admission is, nevertheless, evidence against the person making it, and is entitled to all the weight, of evidence of that sort, until explained away or disproved by him.

GRAVES
vs.
MOORE &c.

Evidence of a witness, conducing to prove the payment of the money mentioned in the entry of the erased credit on the note paid upon, and the direction of the payor to thus appropriate it, held competent.

An entry of credit once made on a note, but afterwards erased, is evidence, and will entitle the obligor to the benefit of it, unless disproved or explained off.

GRAVES
vs.
MOORE &c.

The result is, that the judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.

*McConnell* for plaintiff; *Triplett* for defendants.